UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY CYNTHIA BUTLER,

    Plaintiff,

v.                                                Case No. 3:14cv147/RV/CJK

ESCAMBIA FIRST TRANSIT; HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY; DR. MICHAEL B. BUSBY;
and U.S. POSTAL SERVICE CANTONMENT,
FLORIDA BRANCH;

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Shortly after plaintiff, who is proceeding *pro se*, instituted this action, the undersigned entered an order advising her that neither her complaint nor her motion to proceed *in forma pauperis* was in proper form (doc. 4). With regard to her complaint, the undersigned noted plaintiff used the incorrect form, failed to specify the basis for the court's jurisdiction, and failed to sign the complaint. With regard to her motion to proceed *in forma pauperis*, the undersigned advised plaintiff was required to submit a fully completed form, including information pertaining to the vehicle she identified on the form. Plaintiff was allowed thirty days in which to file an amended complaint and *in forma pauperis* motion in proper form.

Plaintiff filed both an amended complaint and a second motion for leave to proceed *in forma pauperis* within the time allowed. The undersigned granted plaintiff leave to proceed *in forma pauperis* but advised her amended complaint was deficient (doc. 10). Specifically, the undersigned noted although plaintiff invoked the Fourteenth Amendment, she alleged no facts to support such a claim because she alleged no state action. The undersigned explained that 18 U.S.C. §§ 241 and 242, both of which plaintiff invoked, are criminal statutes that cannot serve as the basis of civil claims. The undersigned further explained that to the extent plaintiff relied on 42 U.S.C. § 1983, such reliance was misplaced because the statute permits civil actions only against state actors for the deprivation of Constitutional rights, none of which plaintiff alleged. The undersigned also noted although plaintiff referenced the Labor Management Relations Act, there was no indication in her amended complaint she was a member of a union subject to a collective bargaining agreement, much less a collective bargaining agreement that had any bearing on the claims she asserted. Finally, the undersigned advised plaintiff's claim against the United States Postal Service ("USPS") was barred by sovereign immunity and that to the extent she sought to assert a claim for medical malpractice against Dr. Michael Busby, such claim lied exclusively in state law and she had wholly failed to allege a basis upon which this court could exercise jurisdiction over such claim. Plaintiff was allowed thirty days in which to file either a notice of voluntary dismissal or a second amended complaint correcting the deficiencies.

Plaintiff failed to file a notice of voluntary dismissal or second amended complaint within the time allowed. The undersigned thus entered an order directing her to show cause within fourteen days why the case should not be dismissed for failure to prosecute and/or failure to comply with an order of the court (doc. 11). After plaintiff failed to timely respond to the show cause order, the undersigned

entered a Report and Recommendation recommending the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court (doc. 12). The day after the Report and Recommendation was entered, plaintiff filed a second amended complaint (doc. 13). The district judge referred the matter back to the undersigned for further action on plaintiff's second amended complaint (doc. 17).

In her second amended complaint, plaintiff alleges her former employer, Veola Transportation, notified its employees it would not be renewing its contract to provide transportation services to Escambia County, Florida, and another company would be taking over. The company that took over, Escambia First Transit, provided different benefits to its employees, including insurance. According to plaintiff, Escambia First Transit maintains it notified employees of the change in benefits but none of the employees received the notice. During that time, plaintiff was "starting to have problems with receiving [her] mail from the U.S. Postal Service Cantonment, Florida Branch." Doc. 13 at pg. 2. Plaintiff alleges Escambia First Transit illegally terminated her insurance without notice in violation of Fla. Stat. 627.4133(a).[1] *Id.*

Shortly thereafter, plaintiff's husband became ill and passed away. Plaintiff attributes her husband's death, at least in part, to the negligence of Dr. Busby, whom she contends committed medical malpractice in connection with his treatment of her husband. After her husband passed away, plaintiff "immediately contacted" Hartford Life Insurance Company ("Hartford"), which informed her that her husband was not covered because her employer had "deemed him ineligible for Life or Health Insurance through them." Doc. 13 at pg. 3. Plaintiff claims she asked Hartford the reason it failed to notify her in writing of the change and that Hartford responded her employer was to have provided notification. Plaintiff informed Hartford that in

---

[1] Pursuant to § 627.4133(a), Fla. Stat., insurers are required to give first-named insureds at least forty-five days' advance written notice of nonrenewal.

Case No. 3:14cv147/RV/CJK

failing to notify her that her husband was not covered and, thereafter, failing to "honor [its] Contract/Policy payout," Hartford breached its contract with her. *Id.*

Plaintiff asserts a claim under "U.S. Code Title 18 Part I Chapter 47" against Escambia First Transit. Doc. 13 at pg. 4. She asserts a claim against Hartford for "Anticipatory Breach of Contract" and against Dr. Busby for medical malpractice under Fla. Stat. § 766.203. She asserts a claim against the USPS for what appears to be "Contractual Breach" and references the Federal Tort Claims Act ("FTCA") as well. Finally, plaintiff references 42 U.S.C. § 11131 and 38 U.S.C. § 7316. She seeks compensatory damages in the amount of $200,000.00 "for her loss and anxiety." *Id.*

Because plaintiff is proceeding *in forma pauperis*, the court must review her complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line

from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

As with her first amended complaint, plaintiff has failed to state a viable federal cause of action in her second amended complaint. First, plaintiff asserts a claim for "Violation of U.S. Code Title 18 Part I Chapter 47" against her former employer, Escambia First Transit. Title 18 of the United States Code sets forth criminal statutes, which, as the undersigned previously advised, cannot serve as the basis for civil claims. Two of plaintiff's other claims – for anticipatory breach of contract against Hartford and medical malpractice against Dr. Michael Busby – lie exclusively in state law and plaintiff again has wholly failed to allege a basis upon which this court could exercise jurisdiction over such claims.

Plaintiff has again sued the USPS – this time for what appears to be breach of contract and negligence under the FTCA – after being advised that her claim against the USPS was barred by sovereign immunity. To the extent plaintiff asserts a breach of contract claim against the USPS, such claim fails as a matter of law because plaintiff has not alleged – or even set forth facts from which one conceivably could conclude – that any contract existed between her and the USPS. As for the FTCA claim, when considering application of the doctrine of sovereign immunity to an FTCA claim against the USPS, the United States Supreme Court explained that "[u]nder the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States,' § 201." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (quoting 39 U.S.C. § 201). "Holding a monopoly over carriage of letters, the Postal Service has 'significant governmental powers,' including the power of eminent domain, the authority to make searches and seizures in the enforcement of laws protecting the mails, the authority to promulgate postal regulations, and, subject to

Case No. 3:14cv147/RV/CJK

the Secretary of State's supervision, the power to enter international postal agreements." *Id.* at 484.  "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver."  *Id.*

"Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power "to sue and be sued in its official name,"' the statute also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service,' § 409(c)."  *Id.* (internal citation omitted).  "The FTCA, in turn, waives sovereign immunity in two different sections of the United States Code."  *Id.*  "The first confers federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment."  *Id.*  "This jurisdictional grant covers:

> 'claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'  28 U.S.C. § 1346(b)(1).

*Id*.  "As to claims falling within this jurisdictional grant, the FTCA, in a second provision, makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances,' though not 'for interest prior to judgment or for punitive damages. § 2674."  *Id.* at 485.  "The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all).  If one of the exceptions applies, the bar of sovereign immunity remains."  *Id.*  Among the exceptions is "'[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'"  *Id.* (quoting 28 U.S.C. § 2680).  "As a

Case No. 3:14cv147/RV/CJK

consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Id.* Here, plaintiff has alleged facts falling squarely within the exception to the waiver of immunity set forth above. Indeed, she has alleged the USPS failed to properly transmit her mail. Her FTCA claim against the USPS thus is barred.

Finally, plaintiff references 42 U.S.C. § 11131, which requires that any entity, including an insurance company, that makes payment under an insurance policy or otherwise in settlement of a medical malpractice claim report information pertaining to such payment and the circumstances thereof. *See* 42 U.S.C. § 11131. Plaintiff has alleged no facts whatsoever implicating 42 U.S.C. § 11131. Similarly, plaintiff references 38 U.S.C. § 7316. That statute pertains to medical malpractice and negligence suits against employees of the Veterans Health Administration. *See* 38 U.S.C. § 7316. Again, plaintiff has alleged no facts implicating 38 U.S.C. § 7316. To the contrary, plaintiff describes Dr. Busby, against whom she appears to assert a medical malpractice claim, as her deceased husband's "primary doctor." Doc. 13 at pg. 2  A medical record attached to her second amended complaint identifies Dr. Busby as plaintiff's husband's "family physician." Doc. 13 at pg. 5. There is no indication Dr. Busby was associated in any way with the Veterans Health Administration during the time he rendered treatment to plaintiff's husband.

In sum, plaintiff has had three opportunities to state an actionable claim. Although she may have a viable state law claim against one or more of the defendants, she has failed to plead a plausible federal cause of action and it has become clear she will be unable to do so.[2] Moreover, the seeming sincerity of her

---

[2] Plaintiff also improperly joined parties in this action, as her claims against the various defendants do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and do not have common questions of law or fact. Fed. R. Civ. P. 20(a)(1)(A) and (B).

Case No. 3:14cv147/RV/CJK

grievances cannot, without more, transform such grievances into actionable matters.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of December, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.